IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § § | NO. 3-11-CV-2960-D<br>NO. 3-97-CR-0083-D(01) |
| WILLIE FRANK KING | § § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendant Willie Frank King, a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be dismissed as successive and defendant should be sanctioned for abuse of the judicial process.

I.

A federal jury convicted defendant of conspiracy, possession with intent to distribute five kilograms or more of cocaine, and unlawful use of a communication facility in violation of 21 U.S.C. §§ 846, 841(a)(1) & 843(b). Punishment was assessed at 328 months confinement followed by supervised release for a period of five years. His conviction and sentence were affirmed on direct appeal. *United States v. King*, 162 F.3d 93 (Table), 1998 WL 770653 (5th Cir. Oct. 13, 1998), *cert. denied*, 119 S.Ct. 1276 (1999). A motion to correct, vacate, or set aside sentence was denied on the merits after an evidentiary hearing. *United States v. King*, No. 3-00-CV-0735-D (N.D. Tex. Jan. 18, 2001), *COA denied*, No. 01-10149 (5th Cir. Jan. 7, 2002), *cert. denied*, 123 S.Ct. 230 (2002). Two writs of audita querela were construed as successive section 2255 motions and dismissed. *United States v. King*, No. 3-03-CV-1524-D, 2003 WL 21663712 (N.D. Tex. Jul. 11, 2003), *rec. adopted*, (N.D. Tex. Jul. 28, 2003), *mtn. to alter or amend denied*, (N.D. Tex. Aug. 13, 2003), *COA denied*,

No. 03-10869 (5th Cir. Feb. 17, 2004), *cert. denied*, 125 S.Ct. 438 (2004); *United States v. King*, No. 97-CR-0083-D, 2007 WL 2079712 (N.D. Tex. Jul. 17, 2007), *COA denied*, No. 07-10852 (5th Cir. Apr. 15, 2008), *cert. denied*, 129 S.Ct. 525 (2008). An application for writ of habeas corpus, in which defendant raised the same claims as his prior section 2255 motions, also was denied. *King v. Tamez*, No. 3-09-CV-0564-D, 2009 WL 4884148 (N.D. Tex. Dec. 17, 2009), *aff'd*, 405 Fed.Appx. 902, 2010 WL 5297748 (5th Cir. Dec. 23, 2010). When defendant filed an application for writ of error coram nobis in another attempt to collaterally attack his conviction, the pleading was construed as a successive 2255 motion and defendant was sanctioned $100 for abuse of the judicial process. *See United States v. King*, No. 3-11-CV-0484-D, 2011 WL 1195950 (N.D. Tex. Mar. 10, 2011), *rec. adopted*, 2011 WL 1195937 (N.D. Tex. Mar. 30, 2011), *mtn. for lve. to file succ. writ denied*, No. 11-10329 (5th Cir. Jun. 8, 2011). A subsequent motion was administratively closed because defendant had not paid the $100 sanction. *See United States v. King*, No. 3-11-CV-0988-D (N.D. Tex. May 9, 2011). After defendant paid the sanction, the clerk docketed the motion as a new civil case, which was summarily dismissed for lack of jurisdiction. *See King v. United States*, No. 3-11-CV-1227-D (N.D. Tex. Sept. 21, 2011).

Undeterred, defendant has filed yet another section 2255 motion alleging that he was denied the right to representation at trial by the counsel of his choice, that he is actually innocent of the crimes for which he was convicted, that he was denied a trial transcript, and that the sentencing court committed *Apprendi* error.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214

(1996). In order to file a second or successive section 2255 motion, a defendant must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. *Id.* §§ 2255(h) & 2244(b)(3).

The Fifth Circuit has not issued an order authorizing the district court to consider this successive section 2255 motion. Defendant must obtain such an order before another motion for post-conviction relief is filed.

III.

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees--indeed, are not entitled to sue and appeal, period." *Brewer v. Cockrell*, No. 3-03-CV-0768-P, 2003 WL 21448362 at *1 (N.D. Tex. May 5, 2003), *rec. adopted*, 2003 WL 21488150 (N.D. Tex. May 15, 2003), *quoting Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). Appropriate sanctions may include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions. *See id.* (citing cases).

This is the *eighth time* defendant has tried to collaterally attack his federal drug conviction. On April 15, 2008, the Fifth Circuit warned defendant that "any future frivolous or repetitive filings attempting to circumvent the successive-motion requirements of § 2255 will subject him to sanctions." *King*, No. 07-10852, Or. at 2. A second warning was issued to defendant by the Fifth Circuit on December 23, 2010. *King*, 2010 WL 5297748 at *1. Defendant was sanctioned $100 by this court on March 30, 2011, after he filed a successive section 2255 motion under the guise of an application for writ of error coram nobis. *King*, No. 3-11-CV-0484-D, Jmt. at 1. Just five months ago, the Fifth Circuit again warned defendant that "any future frivolous or repetitive filings will subject him to sanctions." *In re King*, No. 11-10329, Or. at 2. Despite being sanctioned by this court and repeated warnings by the Fifth Circuit, defendant continues to abuse the judicial process by filing successive section 2255 motions without prior authorization. In view of this conduct, defendant should be sanctioned $500 and barred from filing any other actions, motions, or pleadings of any kind challenging his federal drug conviction and sentence without first obtaining the permission of a district judge or magistrate judge.

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside sentence should be dismissed without prejudice pending authorization by the Fifth Circuit Court of Appeals to file a successive motion in district court. In addition, defendant should be sanctioned $500 and barred from filing any other actions, motions, or pleadings of any kind challenging his federal drug conviction and sentence without first obtaining the permission of a district judge or magistrate judge.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);

FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 3, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE